**DLD-018**  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2039
_____

KEITH LAMONT TUTT,
                                        Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00631)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 26, 2023

Before: JORDAN, PORTER, and PHIPPS, Circuit Judges

(Opinion filed:  November 3, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Keith Lamont Tutt, a federal prisoner who is proceeding pro se, appeals from an order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm.

Tutt pleaded guilty in the United States District Court for the Eastern District of North Carolina to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession of a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 192 months of imprisonment. The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Tutt, 727 F. App'x 766, 767 (4th Cir. Mar. 15, 2018) (not precedential). Tutt next filed a motion under 28 U.S.C. § 2255. The District Court denied that motion on the merits and the Fourth Circuit Court of Appeals denied a certificate of appealability. United States v. Tutt, 840 F. App'x 744 (4th Cir. Mar. 23, 2021) (per curiam) (not precedential).

While incarcerated at FCI Allenwood, Tutt filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, alleging that his § 924(c) conviction must be vacated. (ECF 1 & 2.) In particular, Tutt claimed that his drug conspiracy conviction is an inchoate offense that can no longer serve as a predicate "drug trafficking crime" for his § 924(c) conviction. In support of that argument, he relied on United States v. Dupree, where the United States Court of Appeals

2

for the Eleventh Circuit held that inchoate crimes, such as attempts and conspiracies, do not qualify as predicate offenses for purposes of the career offender provision of the United States Sentencing Guidelines.  57 F.4th 1269, 1277 (11th Cir. 2023) (en banc); see also United States v. Nasir, 982 F.3d 144, 160 (3d Cir. 2020) (en banc) (same).  The District Court dismissed the § 2241 petition, holding that his "claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid."  (ECF 6, at 5.)  Tutt timely appealed. (ECF 7.)

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review any factual findings for clear error.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).  We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We need not reach the merits of Tutt's underlying claim, which seeks to set aside his conviction, because we conclude that it must be brought in a motion pursuant to 28 U.S.C. § 2255.  Indeed, attacks on the validity of a conviction or sentence generally must be asserted under § 2255.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir.

3

2002).  But because Tutt's initial § 2255 motion was denied on the merits, he cannot file a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2).  His claim, which was based on a more favorable interpretation of statutory law adopted after his conviction became final, did not satisfy either of those requirements.

Therefore, Tutt sought to proceed under the "saving clause" contained in § 2255(e), which permits a prisoner to seek relief under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention."  28 U.S.C. § 2255(e).  The Supreme Court recently held the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence."  Jones v. Hendrix, 599 U.S. 465, 478 (2023).  But the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition."  Id. at 471.  Indeed, the "inability of a prisoner with a statutory claim to satisfy" the requirements for filing a second or successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all."  Id. at 480.

4

For the foregoing reasons, we conclude that this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment. 3d Cir. L.A.R. 27.4; I.O.P. 10.6.